**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4146**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FREDERICK ALANDO SMITH,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00137-FL-1)

———————

Submitted:  March 22, 2010          Decided:  April 9, 2010

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Andrea T. Stubbs, Assistant Federal Public Defenders, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Alando Smith pled guilty to bank robbery, 21 U.S.C. § 2113(a) (2006), and was sentenced to ninety-five months in prison. Smith appeals, contending that his sentence is unreasonable. We affirm.

I

Smith's base offense level was 20. See U.S. Sentencing Guidelines Manual § 2B3.1(a) (2008). Two levels were added because the property of a financial institution was taken, see USSG § 2B3.1(b)(1), and three levels were subtracted for acceptance of responsibility, see USSG § 3E1.1. Smith's total offense level was 19. He had eleven criminal history points, placing him in criminal history category V. His advisory Guidelines range was 57-71 months.

At sentencing, argument focused on the Government's motion for upward departure, in which the Government asked that Smith be sentenced as a de facto career offender. The Government observed that many of Smith's offenses were too remote to have been assigned criminal history points or were not counted for other reasons. Those crimes included common law robbery, assault with a deadly weapon inflicting serious injury, misdemeanor assault, passing worthless checks (over twenty counts), communicating threats, and possession of drug

2

paraphernalia. The Government contended that criminal history category V failed to adequately reflect the seriousness of Smith's past criminal conduct or the likelihood that he would commit future crimes. Smith, through counsel, replied that a sentence within the advisory Guidelines range would be sufficient to satisfy sentencing purposes.

After hearing from counsel and inviting Smith to speak, the district court concluded that a sentence outside the advisory Guidelines range was appropriate, and sentenced Smith to ninety-five months in prison. In pronouncing sentence, the court specifically mentioned many of the 18 U.S.C. § 3553(a) (2006) sentencing factors, including: the nature and circumstances of the offense; the need to protect the public from further crimes; the need to promote respect for the law; and the need to deter further criminal conduct. The court commented especially about Smith's criminal history, which included engaging in larceny over a twenty-four-year period. These factors, the court found, warranted a sentence above the advisory Guidelines range, but lower than the sentence advocated by the Government. The court added that it had considered imposing a sentence greater than ninety-five months. However, mitigating circumstances, including Smith's physical and mental health, dissuaded the court from imposing a more severe sentence.

The court commented that it could arrive at a ninety-five-month sentence another way: by granting the Government's departure motion. The court explained that, by following the methodology set forth in the Guidelines, it would reach a Guidelines range of 77-96 months and sentence Smith to ninety-five months in prison.

II

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir.), cert. denied, 130 S. Ct. 127 (2009). Our initial review is for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the

4

Guidelines range, it must ensure that its justification supports 'the degree of the variance.'" <u>United States v. Evans</u>, 526 F.3d 155, 161 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 476 (2008) (quoting <u>Gall</u>, 552 U.S. at 51).

Our review of the record convinces us that Smith's ninety-five-month variant sentence was procedurally and substantively reasonable. First, there were no significant procedural errors in the sentence: the district court properly calculated Smith's advisory Guidelines range; considered the § 3553(a) factors; and explained that it was varying from the Guidelines range because that range did not adequately account for the nature and circumstances of the offense, Smith's criminal history, and the need to protect the public from further financial crimes.

Additionally, the sentence is substantively reasonable. The district court considered the parties' arguments and supported the twenty-four-month upward variance with a thoughtful analysis of relevant § 3553(a) factors. Notably, the court discussed Smith's extensive history of larceny, the harm his crimes had caused, and his demonstrated lack of respect for the law.

Smith contends that his sentence was the result of an upward departure under the Guidelines. See USSG § 4A1.3. He takes issue with the methodology used by the district court in calculating his departure sentence.

The district court offered two separate rationales for imposing a sentence above Smith's advisory Guidelines range: (1) the § 3553(a) statutory factors; and (2) the Guidelines departure provisions. In Evans, we stated:

> [A]fter calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the Guidelines departure provisions or on other factors so long as it provides adequate justification for the deviation. . . .

> When . . . a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales.

Id. at 164-65. Under Evans, because we have found Smith's variant sentence--imposed using the § 3553(a) factors--to be procedurally and substantively reasonable, there is no need to address the reasonableness of the same sentence under the alternative rationale.

IV

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED